Mr. Chief Justice Shamcey
delivered the opinion of the court.
The only question in this case arises out of a charge given to the jury at the request of the counsel for the plaintiff below. That charge raises this question: Does the statute of limitations cease to run, after the death of the debtor, until an administrator is appointed, and for nine months thereafter, the administrator being exempt from suit during that time?
That the act of limitations does not run during the nine months allowed by statute to administrators, before they can be sued, was expressly decided in the case of Dowell v. Webber, 2 S. & M. 452. In that case, the court also remarked, that the statute of limitations does not run when there is no executor or administrator. The remark was no doubt predicated on a similar one made by Judge Catron, in Bradford v. McLemore, 3 Yerger, 318. In one sense, this is true; but it seems to have been understood by counsel with too much latitude. The precise point was not then before the court, nor was it intended to be decided. The principle is, that when the statute of limitations has begun to run, it continues to do so. In the application of this principle, the current of authorities hold, that its operation is not suspended by the death of the debtor, until administration be taken out. The statute contains no such exception, and it cannot be so construed. The time al *102 lowed by the statute, within which an administrator cannot be sued, has always been held to constitute an exception, because the statutes are construed together. The law cannot be supposed to be so inconsistent as to prohibit, and at the same time, permit a bar to run. But when it is said that the operation of the statute is not suspended between the death of the debtor and administration taken, it must be understood with this qualification. If the debt was due, and the statute had commenced running before the death of the debtor, it is not suspended. But if the debt was not due at the time of his death, the statute does not begin to run until there is an administrator, because, until then, a cause of action has never accrued, there being no one who could be sued. The case cited from 7 Eng. Com. Law Reports, is founded on this distinction. The money was not due until after the death of the intestate. This distinction is also very clearly taken in the case cited from 13 Wendell, and in 3 Stewart’s Rep. 532. See Angelí on Limitations, 57,2d. ed.; Id. 532. The rule is differently stated in Bacon’s Abridgment, but it was extracted from the case of Carey v. Stephenson, which holds a different doctrine, and was probably mistaken. The court was right, then, in deciding that nine months after administration were to be excluded, but wrong in deciding that the time which elapsed between the death of the intestate, and the time of taking out administration, was also to be excluded. The statute'had commenced to run, long before the death of the intestate, and was not thereby suspended.
Judgment reversed, and cause remanded.